**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| C. DWAYNE GILMORE, | No. 19-17426 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-02689-JSW |
| v. | |
| C. SILVA, Office Technician, Inmate Assignment Office; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted July 14, 2020**

Before:   CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

California state prisoner C. Dwayne Gilmore appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging First Amendment and Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims. We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Byrd v.*

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Maricopa Cty. Bd. of Supervisors*, 845 F.3d 919, 922 (9th Cir. 2017) (dismissal of an action under 28 U.S.C. § 1915A); *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (dismissal of an action as time-barred). We vacate and remand.

The district court concluded that Gilmore's action was untimely because he did not file it within the applicable four-year statute of limitations and he did not state a basis for equitable tolling. However, Gilmore alleges in his complaint that he was exhausting his administrative remedies under the Prison Litigation Reform Act ("PLRA") during the limitations period, which is a basis for tolling the statute of limitations. *See Soto v. Unknown Sweetman*, 882 F.3d 865, 875 (9th Cir. 2018) (holding that a prisoner "is entitled to tolling [of the applicable statute of limitations] while he was actively exhausting his remedies" under the PLRA); *see also Fuqua v. Ryan*, 890 F.3d 838, 844 (9th Cir. 2018) (explaining that "RLUIPA incorporates the administrative exhaustion requirements of the . . . PLRA"). We vacate and remand for the district court to consider, in the first instance, whether Gilmore is entitled to toll the statute of limitations during the period of time he was exhausting his administrative remedies under the PLRA, and, if appropriate, to provide Gilmore with an opportunity to submit briefing on this issue.

Gilmore's motion for appointment of counsel on remand (Docket Entry No. 5) is denied without prejudice to renewing this motion before the district court.

**VACATED and REMANDED.**